IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ANTONIO J. CROWDER,**

    **Petitioner,**

v.                              **CRIMINAL ACTION NO. 4:17-cr-37**

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Antonio J. Crowder's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 ("2255 Motion"). Having reviewed the motions and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(b). For the reasons set forth below, Petitioner's 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 11, 2017, Petitioner was named in a four-count indictment in the Eastern District of Virginia. ECF No. 1. On June 12, 2017, Petitioner pled guilty by plea agreement to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. ECF No. 19. In the plea agreement, Petitioner waived his right to appeal. ECF No. 20 at ¶ 6. In the Statement of Facts that Petitioner knowingly signed, Petitioner states that he was involved in a conspiracy to distribute more than 280 grams of cocaine base. ECF No. 21 at ¶¶ 1, 4. On October 2, 2017, Petitioner was sentenced to 120 months imprisonment. ECF No. 31.

1

On October 9, 2018, Petitioner filed his 2255 Motion claiming that his conviction was illegitimate because the Court sentenced him beyond the statutory maximum, the conspiracy charge was an unconstitutional common law crime, and counsel was ineffective in failing to raise these issues. ECF No. 34. On the same day, the Court ordered the Government to respond. ECF No. 35. On January 22, 2019, the Government filed its response in opposition. ECF No. 36. Petitioner did not file a reply.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a

procedurally defaulted claim if he/she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [her] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

## B. Ineffective Assistance of Counsel

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient. *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* In order to demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits

against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### III. DISCUSSION

Petitioner first argues that his sentence was outside the statutory maximum allowed. ECF No. 34 at 3–5. Petitioner argues that under *United States v. Collins*, 315 F.3d 304 (4th Cir. 2005), the Court could not have imposed a sentence greater than sixty months. ECF No. 34 at 4–5. *Collins* held that the sentencing court should "'assess the quantity of narcotics attributable to each coconspirator by relying on the principles set forth in Pinkerton'" in determining the relevant statutory provisions for sentencing. *Collins*, 315 F.3d at 312 (quoting *United States v. Irvin*, 2 F.3d 72, 77 (4th Cir. 1993)).

Here, Defendant agreed to a Statement of Facts that stated he "purchas[ed] 28 grams of 'crack' cocaine each month for the purpose of resale during a two-year time frame." ECF No. 21 at ¶ 2. That admitted fact attributes Petitioner with 672 grams of cocaine base. *See* ECF No. 27 at ¶ 7. Such an amount squarely puts Petitioner within the statutory framework that provides for

a mandatory minimum of 120 months and a maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Petitioner's sentence was not outside the statutory maximum.

Petitioner next argues that his conspiracy conviction under 21 U.S.C. § 846 is an unconstitutional common law crime because § 846 does not have an affixed penalty. ECF No. 35 at 5–7, 12–14; *see United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812). This argument is baseless. Although Congress did not lay out a specific penalty in § 846, it did note the relevant penalties in § 841(b). Section 846 is a conspiracy statute modeled under the framework of *Pinkerton v. United States*, 328 U.S. 640 (1946). The crime of conspiracy to distribute cocaine base under § 846 is punishable under the same standards as the crime of distribution of cocaine base under § 841(a)(1). *See Collins*, 315 F.3d at 312. Therefore, § 846 is not an unconstitutional common law crime.

Finally, because both claims are meritless, Petitioner fails to demonstrate that counsel was ineffective in any way. Raising either of these arguments at trial or on appeal would have been futile. Therefore, counsel's performance was not deficient.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's 2255 Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*,

5

855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims misunderstand basic tenets of statutory construction and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 26, 2019

Raymond A. Jackson
United States District Judge