IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
FEB 2 2 2021
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ANTONIO J. CROWDER,

    Petitioner,

v.                                   CRIMINAL ACTION NO. 4:17-cr-37

UNITED STATES OF AMERICA,

    Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Antonio Crowder's ("Petitioner") Motion for Compassionate Release. ECF Nos. 46, 52. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 11, 2017, Petitioner was named in a four-count indictment in the Eastern District of Virginia. ECF No. 1. On June 12, 2017, Petitioner pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. ECF No. 19.

From 2016 through April 11, 2017, Petitioner participated in a drug trafficking conspiracy in Newport News, Virginia. ECF No. 49 at 3-4. As part of the conspiracy, Petitioner would purchase cocaine base and resell to other dealers and customers. *Id.* On February 28, 2017, Petitioner admitted to purchasing between seven to fourteen grams of cocaine, one to two times per week for two or three years. *Id.* Petitioner is attributed with 672 grams of cocaine. *Id.* at 4. On October 2, 2017, Petitioner was sentenced to 120 months imprisonment. ECF Nos. 31–32.

On November 23, 2020, Petitioner filed a *pro se* Letter Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 46. The Court then ordered the appropriate

responses on November 24, 2020. ECF No. 48. Petitioner, through counsel, supplemented his prior Motion for Compassionate Release on January 15, 2021. ECF No. 52. The Government responded in opposition on January 29, 2021. ECF No. 56. Petitioner filed a reply to the Government's opposition on February 2, 2021. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances.

2

U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. The Exhaustion Issue

Petitioner submitted a request for compassionate release to the Warden of FCI Ft. Dix on October 5, 2020. ECF No. 52 at Ex. 1. Petitioner was subsequently relocated to FCI Petersburg. Petitioner claims he never received a response from the Warden of FCI Ft. Dix. *Id.* at 4. On the other hand, the Government asserts that the request was denied. ECF No. 56 at 8. On December 17, 2020, Petitioner submitted a second request for compassionate release to the Warden at FCI Petersburg which was subsequently denied as of December 23, 2020. ECF No. 56-5 at 1. Accordingly, Petitioner has met the exhaustion requirements under § 3582(c)(1)(A).[1]

### B. Resolution of Petitioner's Request for Compassionate Release

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner purchased and sold cocaine on a weekly basis for over two years. ECF No. 49. at 3-4. Over the two-year period, Petitioner is attributed with over 600 grams in cocaine sales. *Id.* Petitioner appears to have served as a middleman distributor of cocaine throughout the conspiracy, indicating that Petitioner's involvement was quite extensive. Additionally, Petitioner received a two-point enhancement at sentencing for possessing a firearm in connection with drug trafficking. *Id.*

To date, Petitioner has only served approximately 45 months of his 120-month sentence. ECF No. 56-1 at 3. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense...and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

---

[1] Despite having met these requirements, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020).

4

The Court recognizes that Petitioner's offense of conviction is his only felony offense. The Court also notes that Petitioner has completed several certifications while incarcerated and maintains no disciplinary history over the last six months. ECF No. 53 at Ex. 3. However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

Moreover, even if Petitioner's history and characteristics did warrant a reduction in Petitioner's sentence, Petitioner does not describe an adequate release plan that would assure the Court of Petitioner's positive reintegration into society. ECF No. 52 at 15. Petitioner notes that he would return to his mother and stepfather's home upon release with no indication of any plan to ensure that Petitioner becomes a law-abiding citizen upon release. *Id.* Petitioner's bare explanation of merely returning to his parents' home "does not detail a plan for the defendant to gain employment to support himself and his children, and [] he would be living in the same place he resided when he committed the offense for which he is incarcerated." ECF No. 56 at 18.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner offers his hypertension (high blood pressure) and obesity as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 52 at 9-13; ECF No. 52 at Ex. 2. The CDC does list obesity as a medical condition that places Petitioner at an "increased

5

risk of severe illness from the virus that causes COVID-19."[2] Additionally, the CDC lists hypertension as a medical condition that *might* place Petitioner "at an increased risk of severe illness from the virus that causes COVID-19."[3]

Despite Petitioner's ailments, the Court is unable to conclude that Petitioner is particularly vulnerable to COVID-19 based upon Petitioner's seemingly controlled hypertension and obesity diagnosis.

Upon review of Petitioner's medical records, Petitioner's hypertension appears to be controlled with medication. ECF No. 52-2. Further, Petitioner's systolic blood pressure readings have decreased from 154/79 on July 6, 2020 to 130/85 on December 10, 2020, indicating that Petitioner's health is improving. *Id.* As for Petitioner's obesity, Petitioner appears to have lost seven pounds, from July 2020 to December 2020. ECF No. 52 at 9. While Petitioner's last BMI assessment remains high at around 39.2 as of November 30, 2020, indicating that Petitioner is in fact obese, Petitioner appears to be able to properly manage his weight loss as he has already made strides in that direction. ECF No. 52-2. This indicates to the Court that any obesity diagnosis can be controlled by Petitioner.

While the world continues to grapple with the pandemic, it is imperative to note that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis. Based

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 3, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[3] *Id.*

upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
February 22, 2021

UNITED STATES DISTRICT JUDGE